IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| THOMAS E. RAY, III<br>a/k/a Jamie Weathersby | **PLAINTIFF** |
| V. | **CIVIL CASE NO. 3:11-CV-158-HTW-LRA** |
| UNITED STATES OF AMERICA | **DEFENDANT** |

_____
RELATED CASE:

| | |
|---|---|
| UNITED STATES OF AMERICA | **PLAINTIFF** |
| V. | **CRIMINAL CASE NO. 3:07-CR-27-HTW-LRA** |
| THOMAS E. RAY, III<br>a/k/a Jamie Weathersby | **DEFENDANT** |

## ORDER DENYING MOTION TO VACATE PURSUANT TO ERROR CORAM NOBIS

Criminal defendant Thomas E. Ray, III, a/k/a Jamie Weathersby ("Ray") has filed a motion for a writ of error *coram nobis* [docket no. 17], under Title 28 U.S.C. 1651(a), asking this court to vacate his original criminal conviction. On March 30, 2013, this court ordered the government to respond to Ray's motion, which it now has done.

On October 7, 2004, Ray was convicted by a duly-constituted jury of two counts of extortion in violation of federal criminal law, after a trial held in the United States District Court for the District of Minnesota. Case no. 0:03-CR-438-MJD-JGL. Minnesota District Court Judge Michael J. Davis sentenced Ray to eighteen months of imprisonment, and three years of supervised release. The court ordered Ray to pay $87,398 in restitution.

Represented by appointed counsel, Ray appealed his conviction to the United

1

States Court of Appeals for the Eighth Circuit. Ray's attorney raised the following grounds of error on appeal: 1) the government presented insufficient evidence to show that Ray had sent extortion emails; 2) the district court abused its discretion by excluding evidence that someone else had committed the crime; 3) the prosecutor committed misconduct by misstating evidence in his closing argument. *United States v. Ray*, 428 F.3d 1172, 1174 (8th Cir. 2005). The Court of Appeals affirmed Ray's conviction on December 19, 2005. *Id.*

Ray, acting *pro se*, filed a motion for habeas corpus, under Title 28 U.S.C. § 2255,[1] asking the district court in Minnesota to vacate his conviction. In his habeas petition, Ray raised the following grounds of error: 1) the government did not prove the elements of the offense beyond a reasonable doubt in violation of Ray's due process rights; 2) the evidence was insufficient to support the jury's conviction in violation of Ray's due process rights; 3) one of the government's witnesses committed perjury while testifying at trial; 4) the jury pool did not properly represent minorities in violation of Ray's Sixth Amendment rights;[2] and 5) the court's eighteen-month sentence was

---

[1] Title 28 U.S.C. § 2255(a) states:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2] U.S. Const. amend. VI states:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

contrary to the law. *United States v. Ray*, 2006 WL 3486954, *1 (D.Minn. 2006).

The district court denied Ray's motion on December 1, 2006. *Id*. The district court also denied Ray's application for a certificate of appealability. The Eight Circuit Court of Appeals affirmed the district court's denial of a certificate of appealability on August 8, 2007, and dismissed Ray's appeal. Minn. criminal docket no. 119.

District Judge Davis, meanwhile, had transferred jurisdiction of Ray's supervised release to this court in the Southern District of Mississippi. Transfer of Jurisdiction, docket no. 1. The court record, relative to the transfer of jurisdiction, indicates that Ray's supervised release began on July 10, 2006, and was scheduled to end on July 9, 2009. *Id*. This court accepted jurisdiction on January 21, 2007.

On July 7, 2009, this court issued an arrest summons for Ray. Docket no. 2. Thereafter, on November 30, 2009, this court revoked Ray's supervised release, and sentenced him to an additional twenty-four months of imprisonment, with twelve months of supervised release to follow. Revocation Judgment, docket no. 7.

On March 17, 2011, Ray filed a motion for habeas corpus, under Title 28 U.S.C. § 2255, asking this court to vacate his revocation sentence. This court denied that motion.

After serving his term of incarceration, on August 21, 2012, and on September 25, 2012, defendant Ray filed two identical motions for a writ of error *coram nobis* in the district court in Minnesota. Minn. criminal docket nos. 121 and 123. These two motions attacked Ray's October 7, 2004, Minnesota conviction. In each of these motions Ray asserted the following five grounds of error: (1) the court violated Title 15 U.S.C. §

3

1125(d) of the Anti-Cybersquatting Protection Act by admitting certain evidence;[3] (2) the court violated Rule 404(b)[4] and Rule 403[5] of the Federal Rules of Evidence; (3) the court violated Ray's due process rights; (4) the court violated Ray's Sixth Amendment right to a fair trial;[6] and (5) the court impermissibly coerced the jury's verdict by issuing a

---

[3] Title 15 U.S.C. § 1125(d) states in part:
(d) Cyberpiracy prevention
   (1)(A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--
      (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
      (ii) registers, traffics in, or uses a domain name that--
      (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
      (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
      (III) is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

The district court in Minnesota dismissed this claim on other grounds, but pointed out in its opinion that Ray failed to provide any authority "to support the proposition that Title 15 U.S.C. § 1125(d) applies to the admissibility of evidence in a criminal trial."

[4] Federal Rule of Evidence 404(b) states:
(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

[5] Federal Rule of Evidence 403 states:
The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

[6] U.S. Const. amend. VI, *supra*, note 2.

4

supplemental Allen charge.[7]

Judge Davis, of the Minnesota District Court, evaluated each of the five alleged grounds of error, and denied the two motions before him on November 1, 2012. Minn. criminal docket no. 125. Ray appealed Judge Davis' order to the United States Court of Appeals for the Eighth Circuit. Minn. criminal docket no. 127. The Eighth Circuit Court of Appeals affirmed the district court's denial of Ray's petition on June 5, 2013. Minn. criminal docket no. 135.

On September 4, 2012, before Judge Davis ruled on Ray's two motions pending before the Minnesota District Court, Ray filed an identical motion for a writ of error *coram nobis* in this United States District Court for the Southern District of Mississippi. That duplicate motion now is before this court.

The government, in its response to Ray's motion here, says that this court lacks jurisdiction to decide the merits of Ray's motion. Ray originally was convicted and sentenced by the United States District Court for the District of Minnesota. Citing *Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (1982), the government says that only the court which handed down the original conviction has jurisdiction to decide this collateral attack. *Id*.

The writ of error *coram nobis* originated in the common law "to correct errors of

---

[7] When a jury is unable to reach a consensus, the trial judge may issue a supplemental instruction "direct[ing] those jurors holding minority views to reconsider their views in light of the contrary views held by the majority of jurors, but stat[ing] that the verdict must be that of each individual juror." *United States v. Patterson*, 2013 WL 1365720, *9 n.8 (10th Cir., Apr. 5, 2013). This supplemental instruction is impermissible, however, if it "imposes such pressure on the jury such that the accuracy and integrity of their verdict becomes uncertain, thereby violating a defendant's rights to due process, Sixth Amendment rights to an impartial jury trial and to a unanimous verdict." *Id* at *9.

5

fact." *United States v. Morgan*, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248 (1954). In the United States, this writ has been used to address "alleged errors not evident on the face of the record," for example, to overturn a conviction from a coerced guilty plea or to raise error based on perjury of a witness. *Id* at 508-510 (citations omitted). The United States Supreme Court has found that this "ancient writ" continues to have vitality, springing from the all-writs section of the Judiciary Act of 1789, Title 28 U.S.C. § 1651(a). Section 1651(a) states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

The writ is an "extraordinary remedy" used to vacate a prior conviction based on the "most fundamental" errors. *United States v. Esogbue*, 357 F.3d 532, 534-535 (5th Cir. 2004). Unlike the writ of *habeas corpus*, the writ of error *coram nobis* is available to defendants who are no longer incarcerated. *Id.* The defendant must seek this writ from "the court in which the conviction was had," to allow that court to review its own judgment. *Sinclair*, 679 F.2d at 514-515. A court which did not impose the conviction and sentence "has no jurisdiction to issue the writ of error *coram nobis*." *Id* at 515.

The court in *Sinclair v. State of Louisiana*, cited by the government, treated a petition for writ of error *coram nobis* as a *habeas corpus* petition under Title 28 U.S.C. § 2255. *Id*. The federal *habeas* statute, however, only applies to prisoners "in custody," and does not offer relief to the petitioner here, who is no longer incarcerated. *Morgan*, 346 U.S. at 510-511; Title 28 U.S.C. § 2255.

As for the writ of error *coram nobis*, this court finds it lacks jurisdiction to address

6

petitioners request. Ray, in a prior petition [docket no. 8], challenged the revocation sentence issued by this court, and this court denied his motion [docket no. 20]. In this petition, Ray attacks his original conviction issued by the district court in Minnesota. This court finds no basis for jurisdiction to issue a writ of error coram *nobis* in this instance.

Further, this extraordinary remedy "is not available to litigate issues already litigated, [but] is reserved for claims which have yet to receive their first disposition." *Durrani v. United States*, 294 F. Supp. 2d 204, 210 (D. Conn. 2003) *aff'd,* 115 F. App'x 500 (2d Cir. 2004) (citing *Klein v. United States,* 880 F.2d 250, 254 n. 1 (10th Cir.1989)). Ray has filed three identical motions for writ of error *coram nobis*, two in his court of conviction in Minnesota, and one here in the Southern District of Mississippi. Ray not only has failed to raise new objections or grounds for relief in the current motion, but this motion is identical in every respect to the two motions he filed in the district court in Minnesota. The Minnesota district court duly considered, then denied those motions. The United States Court of Appeals for the Eighth Circuit has affirmed. The matters raised in the motion *sub judice* have been litigated already.

Accordingly, this court denies Ray's motion for a writ of error *coram nobis*. This court lacks jurisdiction to hear the dispute and even if it is empowered to do so, the matters raised by Ray already have been fully litigated.

**SO ORDERED AND ADJUDGED**, this, the 18th day of July, 2013.

/s/ Henry T. Wingate
**UNITED STATES DISTRICT COURT JUDGE**

Civil Case No. 3:11-CV-158
Order Denying Motion to Vacate